# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into by and between Matthew B. Burgos, Adalberto Aguilar, and Gabriel Walker ("Plaintiffs"), on one hand, and Uber Technologies, Inc. and Portier, LLC (collectively "Uber"), on the other hand.  As set forth in this Agreement, Plaintiffs and Uber (collectively referred to herein as the "Parties") hereby resolve any and all claims and/or disputes Plaintiffs have or may have against Uber, and that Uber may have against Plaintiffs.

## RECITALS

A. Uber is a technology company that offers a software application (the "App"), which, among other things, enables users and merchants to arrange for the delivery of goods.  Uber offers the App as a tool to facilitate the completion of delivery services, and it provides access to and use of the App in exchange for a fee.

B. Plaintiffs each entered into a contract with Portier, LLC, a subsidiary of Uber Technologies, Inc.

C. On or around November 1, 2016, Plaintiffs filed a Class and Collective Action Complaint against Uber, entitled "*Matthew B. Burgos, Adalberto Aguilar, Reuven Fogel, and Gabriel Walker, Individually and on Behalf of all Similarly Situated Employees, Plaintiffs, v. Uber Technologies, Inc., Portier, LLC, Defendants*," Case No. 1:16-cv-08512, in the United States District Court for the Southern District of New York.  Plaintiffs filed a First Amended Complaint on or around November 10, 2016, and a Second Amended Complaint on or around December 23, 2016.  The Complaint, First Amended Complaint, and Second Amended Complaint are collectively referred to herein as the "Complaint." In the Complaint, Plaintiffs allege that Uber misclassified them as independent contractors, and assert wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as a breach of contract claim.  Plaintiff Walker also asserts a claim for unlawful retaliation under the FLSA and NYLL.

D. Specifically, Plaintiffs alleged they were "employees" entitled to minimum wage, overtime for all hours worked in excess of 40, and gratuities.  Plaintiff Walker further alleged he was terminated in retaliation for filing the Complaint.

E. The term "Released Parties" shall include Uber Technologies, Inc., Uber Technologies, Inc.'s present and former parent companies, subsidiaries, including, but not limited to Portier, LLC, affiliates, directors, officers, employees, agents, investors, shareholders, insurers and attorneys.

F. The Released Parties deny any wrongdoing, and contend that their treatment of Plaintiffs was at all times appropriate, lawful, and consistent with the terms of any and all agreements between the Parties.

1

    **G.**    Regardless of the disagreement between the Parties, the Parties desire to avoid the costs of litigation, and have therefore agreed to settle and resolve completely and finally Plaintiffs' Complaint, and any other disputes Plaintiffs may have against the Released Parties, or Uber may have against Plaintiffs, without any admission of liability.

## **TERMS OF AGREEMENT**

NOW, THEREFORE, for and in consideration of the mutual covenants, conditions, promises and agreements contained herein, the Released Parties and Plaintiffs agree as follows:

    **1.**    NONADMISSION OF LIABILITY.  This Agreement is a compromise and general release of all claims, known or unknown and does not constitute an admission of liability by the Released Parties or an admission, directly or by implication, that any of them have violated any law, rule or regulation, or any contractual right, or any other duty or obligation of any kind, including any duty or obligation owed to or allegedly owed to Plaintiffs or any other party.  This Agreement shall not in any way be construed as an admission that the Released Parties or any of their representatives misclassified Plaintiffs as independent contractors or acted wrongfully with respect to Plaintiffs or any other person, but shall be construed strictly as an instrument to avoid litigation.  This Agreement shall not in any way be construed as an admission or evidence that Plaintiffs are or were employees or agents of Released Parties.  This Agreement is not admissible to prove liability for or the validity of any claims that relate, refer, or pertain to the subject matter of this Agreement.

    **2.**    MONETARY CONSIDERATION.  In exchange for the promises contained herein, including Plaintiffs' release of all claims against the Released Parties, the Released Parties shall issue a single check to Plaintiffs and Plaintiffs' Counsel in the amount of Forty-Thousand Dollars ($40,000.00) (the "Settlement Amount").

    **a.**    The Settlement Amount shall be paid by check issued by Uber made payable to Garbarini FitzGerald P.C. i/c/o Mathew Burgos, Adalberto Aguilar, and Gabriel Walker.  No tax deductions shall be taken from the amount. Uber will issue an IRS Form 1099 for $40,000.00 to Garbarini FitzGerald P.C.

    **b.**    Plaintiffs acknowledge and agree that Plaintiffs have been paid in full all money they were owed by the Released Parties arising from and/or relating to their contractual relationship with the Released Parties.  Plaintiffs further acknowledge that the Settlement Amount is the only payment that is due from Released Parties and that, other than the Settlement Amount, Released Parties have no obligation of any kind to Plaintiffs for any other payment of any kind, including, but not limited to, attorneys' fees and costs, and Plaintiffs hereby waive any claim to other payment of any kind whatsoever.  Except as specifically set forth herein, Plaintiffs and Released Parties each agree to bear their own fees, costs and expenses incurred in connection with Plaintiffs' Complaint.

    **c.**    The Settlement Amount shall be delivered to Plaintiffs' counsel, Richard Garbarini, Garbarini FitzGerald, 250 Park Ave., 7th Floor,

2

New York, N.Y. 10177, within fifteen (15) days after <u>all</u> of the following events have occurred: (i) counsel for Uber (i.e., Andrew M. Spurchise, Littler Mendelson PC) is in physical receipt of a fully executed copy of this Agreement, and a completed and signed IRS form W-9 from Garbarini FitzGerald; (ii) Plaintiffs have filed with the Court a stipulation of dismissal in accordance with the terms of this Settlement Agreement, seeking dismissal of Plaintiffs' claims with prejudice, dismissal of Plaintiff Reuven Fogel's claims without prejudice, and dismissal of the class and collective allegations averred in the Complaint without prejudice, and (iii) the Court has approved this settlement in accordance with the terms of this Settlement Agreement, and entered an order dismissing Plaintiffs' claims with prejudice, dismissing Plaintiff Reuven Fogel's claims without prejudice, and dismissing the class and collective allegations averred in the Complaint without prejudice. The effective date of this Agreement shall be the day on which it is approved by the Court.

    **d.**    The Settlement Amount shall ultimately be divided and distributed by Plaintiffs' counsel in accordance with the following schedule:

        **(1)**    <u>Plaintiff Matthew B. Burgos</u>: Eight-thousand eight-hundred fifteen dollars ($8,815.00)

        **(2)**    <u>Plaintiff Adalberto Aguilar</u>: Four-thousand eight-hundred fifteen dollars ($4,815.00)

        **(3)**    <u>Plaintiff Gabriel Walker</u>: Nine-thousand eight-hundred fifteen dollars ($9,815.00)

        **(4)**    <u>Garbarini FitzGerald</u>: Fifteen-thousand six-hundred thirty dollars ($15,630.00) (Attorneys' Fees)

        **(5)**    <u>Garbarini FitzGerald</u>: Nine-hundred twenty-five dollars ($925.00) (Attorneys' Costs)

**3.**    TAX TREATMENT. Released Parties make no representations or warranties regarding the taxability or non-taxability of the Settlement Amount, and Plaintiffs understand and agree that they are responsible for obtaining their own professional advice on such issues. Should the proceeds payable to Plaintiffs be treated as taxable to Plaintiffs, they agree that they will assume and be responsible for all such tax obligations or consequences that may arise, and they shall not seek any indemnification from the Released Parties in this regard. Notwithstanding the foregoing, if any claim is asserted against a Released Party by any taxing authority with respect to this payment, Plaintiffs understand and agree that they shall be liable for their own individual portion of any taxes owed.

    **4.**    MUTUAL RELEASE OF CLAIMS.

        **a.**    <u>Release of Claims by Plaintiffs</u>. Plaintiffs, on behalf of themselves, their business endeavors, their offspring, heirs, administrators, representatives, executors, successors, and

3

assigns, hereby irrevocably and unconditionally release and forever discharge the Released Parties from all claims of any nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, that Plaintiffs now have or assert to have, or which Plaintiffs at any time heretofore had, or asserted to have, against the Released Parties concerning any aspect of Plaintiffs' relationship with Released Parties through the effective date of this Agreement.  The term "claims" includes any claim, action (including any pending or future collective, class, private attorney general or representative actions for which Plaintiffs may otherwise qualify as putative class members or represented parties), or cause of action, regardless of the forum in which it may be brought, and includes, but is not limited to, any claim relating to alleged misclassification as an independent contractor, breach of express or implied contract, breach of the covenant of good faith and fair dealing, breach of any obligation arising out of any law or public policy of the United States of America, New York State, or any governmental entity, discrimination or harassment on the basis of race, sex, sexual preference, gender identity, age, national origin, religion, medical condition, disability, marital status or otherwise (including but not limited to claims under the Civil Rights Acts of 1866, 1964 and 1991, the Age Discrimination in Employment Act of 1967, the New York State Human Rights Law, the New York City Human Rights Law, any amendments to the foregoing, or any other federal, state, county or local law, ordinance, regulation or order relating to employment or their status as independent contractors), unpaid wages (including, but not limited to, any and all alleged violations of the NYLL, the FLSA and/or local ordinance), expenses, gratuities, and benefits, unfair business practices, intentional or negligent infliction of emotional distress, fraud, false advertising, misrepresentation, defamation, interference with contract or other interests, or any other claims or causes of action for damages of any nature, including without limitation, actual, compensatory, punitive, and liquidated damages, penalties, and attorneys' fees, costs and expenses.

**(1)** Plaintiffs expressly waive and release to the maximum extent allowed by law any and all claims, known or unknown, that may have accrued on or before the date they executed this Settlement Agreement, regarding any amount allegedly owed to them for services they performed during their contractual relationship with the Released Parties.

**(2)** Plaintiffs also waive and release to the maximum extent allowed by law all monetary and other relief that may be sought on their behalf by other persons or agencies.  The sole exclusions from this release shall be the consideration provided in exchange for this Agreement, any claim that cannot be waived by private agreement under federal, state, or local law, including such claims for worker's compensation, unemployment insurance, indemnity or any claim that arises after Plaintiffs sign this Agreement, any claims under the National Labor Relations Act ("NLRA"), and any claims that may arise after the effective date of this Agreement.

4

      **b.**    <u>Release of Claims by Uber</u>.  Uber hereby releases, acquits and forever discharges Plaintiffs and their attorneys, agents, heirs, and assigns from any and all claims, demands, obligations, actions, causes of action, liabilities, debts, promises, agreements, demands, attorneys' fees, losses and expenses, that it may have or have had arising out of or in connection with any claims, demands, charges, or complaints that Uber now has, owns, or holds, or claims to have, own, or hold, or that Uber at any time had, owned, or held, or claimed to have had, owned, or held against Plaintiffs.

      **c.**    Nothing in this Agreement shall be construed to limit any party or its representatives from any affirmative legal duty to report or disclose information.

**5.**  **DISMISSAL OF COMPLAINT.**  Plaintiffs hereby agree that Plaintiffs, through counsel, will submit to the Court a stipulation to voluntarily dismiss the Complaint (i) with prejudice as to Plaintiffs' claims, (ii) without prejudice as to Plaintiff Reuven Fogel's claims, and (iii) without prejudice with regards to the putative class and collective allegations, and agree that such stipulation will be in the same form attached hereto as **Exhibit A**.

**6.**  **PURSUIT OF CLAIMS.**  Plaintiffs understand that this Agreement will be final and binding.  They hereby promise that they will not pursue any claim that they have settled by this Release.  Plaintiffs and Released Parties understand that if any matter is brought, regardless of venue, and the judge or arbitrator determines that the claims were released by this Agreement, then the party defending the matter shall be entitled to its reasonable attorneys' fees and expenses.

**7.**  **NON-DISPARAGEMENT.**  Plaintiffs agree not to make any disparaging statements to any person or entity about any of the Released Parties. Plaintiffs further agree not to injure or interfere with Released Parties' reputation, affairs or business.  Uber agrees to make a good faith effort to prevent disparaging statements about Plaintiffs by Uber's managers located in New York, New York, and not to attempt to injure or interfere with Plaintiffs' reputation, affairs or business.

**8.**  COOPERATION/NO VOLUNTARY ASSISTANCE.

      **a.**    Plaintiffs agree to fully cooperate with Uber and their counsel in connection with, and to successfully effectuate, the dismissal with prejudice of all of Plaintiffs' claims and causes of action, without prejudice as to Plaintiff Reuven Fogel's claims, and without prejudice as to the putative class and collective claims, asserted against Uber in the Complaint.

      **b.**    Plaintiffs  agree that, except as required by law, they shall not assist any other person or entity in the initiation or prosecution of any demand, claim, action, cause of action, proceeding or litigation against Uber, including any claims filed in state or federal court.

**9.** NO PUBLICATION.

    **a.** Plaintiffs agree that they shall not publish, distribute or post on any social media, website, blog or otherwise, or issue any press release concerning, the terms of this settlement, the Agreement, or the outcome of the *Burgos* action. Plaintiffs further agree not to cooperate with or comment in response to any media inquiries directed at them in connection with the Complaint, Uber, or their relationship with the Released Parties. Nothing in this Agreement shall prohibit any party from disclosing information to the Court in connection with their efforts to obtain approval of the settlement. Plaintiffs represent and warrant that, as of the date they sign this Agreement, they have not violated the terms and conditions of this No Publication provision. The terms of this Agreement shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

**10.** REPRESENTATIONS AND WARRANTIES.

    **a.** Plaintiffs represent and warrant that they have the requisite authority and full legal and mental capacity to execute this Agreement.

    **b.** Plaintiffs represent and warrant that they have had the opportunity to consult with, and have consulted with, counsel in connection with their decision to execute this Agreement, and that they have entered into this Agreement freely and voluntarily, and recognize this Agreement as a valid and binding obligation.

    **c.** Plaintiffs represent and warrant that they have been properly named in this Agreement.

**11.** NO INTERFERENCE WITH RIGHTS. Nothing in this Agreement is intended to waive claims that cannot be released by private agreement. In addition, nothing in this Agreement, including but not limited to, the obligations set forth in the No Publication provision, acknowledgements and promise not to sue, arbitration, and attorneys' fees provisions, prevent Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, the Securities and Exchange Commission, or any other any federal, state or local agency charged with the enforcement of any laws, including providing documents or other information, or from exercising any rights Plaintiffs may have under Section 7 of the NLRA, although by signing this release Plaintiffs are waiving rights to individual relief or recovery based on claims asserted in such a charge or complaint, or lawsuit brought by Plaintiffs or asserted by any third-party on Plaintiffs' behalf.

**12.** DISPUTES.

    **a.** It is further expressly understood and agreed by the Parties hereto that if, at any time, a violation of any term of this Agreement is

6

          asserted by any party herein, said party shall have the right to seek specific performance of said term and/or any other necessary and proper relief, including, but not limited to, damages, and the prevailing party shall be entitled to reasonable costs and attorneys' fees.

      **b.**    Plaintiffs acknowledge this Agreement shall be governed by and construed in accordance with the laws of New York State, without regard to its choice of law principles. The Parties agree that any dispute relating to any aspect of this Agreement, including but not limited to this Agreement's formation, meaning, performance, or breach, including any claim for breach of the No Publication provision, shall be submitted exclusively to final and binding arbitration before a mutually agreed upon arbitrator in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. Any such arbitration shall be confidential. The arbitration will be administered by JAMS in New York City in accordance with the Commercial Arbitration Rules. The arbitrator will be selected by the Parties from the JAMS' roster of commercial or employment dispute arbitrators. The arbitration will be conducted in the county where Plaintiffs reside.

      **13.**    SUCCESSORS. It is further expressly understood and agreed by the Parties hereto that this Agreement shall be binding upon and will inure to the benefit of Plaintiffs' individual and/or collective heirs, successors, agents, executors, and administrators if any, and will inure to the benefit of the individual and/or collective successors, assigns, fiduciaries and insurers of the Released Parties, their present and former affiliated business entities, their successors, assigns, fiduciaries and insurers, and all of their present and former proprietors, partners, shareholders, directors, officers, employees, agents, and all persons acting by, through, or in concert with any of them.

      **14.**    ACCOUNT DEACTIVATION. In exchange for the promises contained herein, Plaintiffs agree that, because of circumstances unique to them, including their irreconcilable differences with the Released Parties, they are not qualified to provide delivery services or transportation services using the Uber App now or in the future and promise that they will not attempt to contract for or accept any contract to provide delivery services or transportation services, or any other services, using the Uber App, now or in the future. Accordingly, the Released Parties may legitimately and lawfully restrict Plaintiffs from accessing any of the Uber platforms to provide any delivery, transportation, or other services, and permanently deactivate any and all of their Uber accounts associated with the provision of service of any kind. Plaintiffs agree that Uber may lawfully permanently deactivate Plaintiffs' accounts associated with the provision of service of any kind at any time after the date on which they sign this Agreement.

      **15.**    NO FUTURE RELATIONSHIP. In exchange for the promises contained herein, Plaintiffs acknowledge and agree that at no time in the future will Plaintiffs seek to or enter into an independent contractor or employment relationship with any of the Released Parties or any of its subsidiaries or successors. Plaintiffs further agree that any of the Released Parties' failure to contract with or hire them shall not constitute a violation of any local, state, or federal law, order, or regulation; and that the Released Parties are entitled to terminate Plaintiffs' service contract or employment without legal consequence in the event Plaintiffs enter

7

into such a relationship in the future.

**16.** CONSTRUCTION. All Parties reviewed and approved the language of this Agreement. Accordingly, the language of this Agreement shall be construed according to its fair meaning and not strictly for or against any of the Parties. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**17.** MODIFICATION. This Agreement can be modified only in the form of a writing signed by the Parties hereto. There shall be no oral agreements between the Parties concerning the subject matter of this Agreement. The failure of any party to enforce any provision of this Agreement shall not be construed as a waiver of such provision or acquiescence to the modification of such provision.

**18.** ENTIRE AGREEMENT. This Agreement constitutes the entire agreement of the Parties relating to the rights herein granted and the obligations assumed. The terms of this Agreement are contractual and not a mere recital. This Agreement is executed without reliance upon any representation by the Released Parties, or any representative thereof, regarding the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement.

**19.** COUNTERPARTS. This Agreement may be executed in counterparts, each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same Agreement. A faxed or electronically transmitted signature shall bear the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth opposite their names.

| **MATTHEW B. BURGOS** | **UBER TECHNOLOGIES, INC. AND PORTIER, LLC** |
|---|---|
| By: _[signature]_ | By: _____ |
| Dated: 7-14-2017 | Name: _____ |
| | Title: _____ |
| | Dated: _____ |

8

**ADALBERTO AGUILAR**

By: _____

Dated:_____

**GABRIEL WALKER**

By: _____

Dated:_____

This Agreement has been reviewed and approved as to form by:

| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR UBER TECHNOLOGIES, INC. AND PORTIER, LLC** |
|---|---|
| By:_____ | By:_____ |
| Name:_____ | Name:_____ |
| Firm:_____ | Firm:_____ |
| Dated:_____ | Dated:_____ |

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW B. BURGOS, ADALBERTO AGUILAR, REUVEN FOGEL, and GABRIEL WALKER, | Civil Action No.: 16-cv-08512 (JPO) |
| Plaintiffs, | **STIPULATION AND ORDER OF DISMISSAL** |
| vs. | |
| UBER TECHNOLOGIES, INC., and PORTIER, LLC, | |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs Matthew B. Burgos, Adalberto Aguilar, Reuven Fogel, and Gabriel Walker, and Defendants Uber Technologies, Inc. and Portier, LLC ("Defendants"), through the undersigned counsel, that this action shall be dismissed in its entirety in accordance with the following terms: (i) Plaintiffs Burgos, Aguilar, and Walker's individual claims against Defendants are hereby dismissed with prejudice; (ii) Plaintiff Fogel's individual claims against Defendants are hereby dismissed without prejudice; and (iii) the class and collective allegations asserted against Defendants are hereby dismissed without prejudice.

| GARBARINI FITZGERALD P.C. | LITTLER MENDELSON, P.C. |
|---|---|
| | |
| _____ | _____ |
| RICHARD GARBARINI | ANDREW M. SPURCHISE |
| 250 Park Avenue, 7th Floor | 900 Third Avenue |
| New York, New York 10177 | New York, New York 10022 |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| | |
| Dated: _____, ___ 2017 | Dated: _____, ___ 2017 |

**SO ORDERED:**


_____
HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

10

**ADALBERTO AGUILAR**

By: _____

Dated: _____

**GABRIEL WALKER**

By: *[signature]*

Dated: July 14, 2017

This Agreement has been reviewed and approved as to form by:

| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR UBER TECHNOLOGIES, INC. AND PORTIER, LLC** |
|---|---|
| By:_____ | By:_____ |
| Name:_____ | Name:_____ |
| Firm:_____ | Firm:_____ |
| Dated:_____ | Dated:_____ |

9

ADALBERTO AGUILAR

By: _____

Dated: _____

GABRIEL WALKER

By: *[signature]*

Dated: July 14, 2017

This Agreement has been reviewed and approved as to form by:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR UBER TECHNOLOGIES, INC. AND PORTIER, LLC |
|---|---|
| By: *[signature]* | By: _____ |
| Name: Richard M. Garbarini | Name: _____ |
| Firm: GF | Firm: _____ |
| Dated: 7/21/2017 | Dated: _____ |

9

into such a relationship in the future.

  **16.** CONSTRUCTION.  All Parties reviewed and approved the language of this Agreement.  Accordingly, the language of this Agreement shall be construed according to its fair meaning and not strictly for or against any of the Parties.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

  **17.** MODIFICATION.  This Agreement can be modified only in the form of a writing signed by the Parties hereto.  There shall be no oral agreements between the Parties concerning the subject matter of this Agreement.  The failure of any party to enforce any provision of this Agreement shall not be construed as a waiver of such provision or acquiescence to the modification of such provision.

  **18.** ENTIRE AGREEMENT. This Agreement constitutes the entire agreement of the Parties relating to the rights herein granted and the obligations assumed.  The terms of this Agreement are contractual and not a mere recital.  This Agreement is executed without reliance upon any representation by the Released Parties, or any representative thereof, regarding the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement.

  **19.** COUNTERPARTS.  This Agreement may be executed in counterparts, each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same Agreement.  A faxed or electronically transmitted signature shall bear the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth opposite their names.

| **MATTHEW B. BURGOS** | **UBER TECHNOLOGIES, INC. AND PORTIER, LLC** |
|---|---|
| By: _____ | By: _____*DAR*_____ |
| Dated: _____ | Name: ____Dalene Bramer_____ |
|  | Title: _____ |
|  | Dated: ____July 14, 2017_____ |

8

**ADALBERTO AGUILAR**

By: _____

Dated:_____

**GABRIEL WALKER**

By: _____

Dated:_____

This Agreement has been reviewed and approved as to form by:

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR UBER TECHNOLOGIES, INC. AND PORTIER, LLC |
|---|---|
| By:_____ | By: *[signature]* |
| Name:_____ | Name: ANDREW M. SPURCHISE |
| Firm:_____ | Firm: LITTLER MENDELSON, PC |
| Dated:_____ | Dated: 7/14/2017 |